**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-60213-CIV-DIMITROULEAS/ROSENBAUM

CARLOS ACOSTA and
NERGERY MORA,

    Plaintiffs,

vs.

ELECTROLUX NORTH AMERICA d/b/a
ELECTROLUX HOME PRODUCTS, INC.,
and SEARS ROEBUCK & CO.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Defendants' Motion to Strike the Plaintiffs' Expert Witness for Failure to Comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure and Failure to Comply with This Court's November 5, 20008, Order/ Motion for Sanctions ("Motion to Strike") [D.E. 42]. The Court held a hearing on Defendants' Motion to Strike on December 9, 2008, and all parties presented argument. [D.E. 53]. After consideration of Defendants' Motion to Strike, all supporting and opposing filings and briefings that relate to this Motion, the parties' arguments at the December 9th hearing, and the Court file, the Court denied Defendants' Motion to Strike. This Order memorializes the Court's oral ruling at the December 9th hearing.

*I. Background*

This product liability action arises out of injuries sustained by Plaintiff Carlos Acosta, allegedly as the result of a defective lawn mower manufactured and sold by Defendants. [D.E. 1].

Plaintiffs removed this case to the District Court on February 19, 2008. [D.E. 1]. According to Plaintiffs' Complaint, Plaintiffs claim that the defective lawn mower caused personal injury to Plaintiff Carlos Acosta and loss of consortium to his wife, Plaintiff Nergery Mora. *Id.* Plaintiffs allege a claim of strict liability under tort law and request relief in the amount of $250,000 in damages. *Id.*

Both parties filed a Joint Scheduling Report on March 21, 2008. [D.E. 7]. In the Report, the parties submitted a schedule for discovery, which included the provision, "The parties have agreed on the following schedule for discovery: . . . . 2. Plaintiff[s'] experts shall be disclosed with reports, if any, by October 1, 2008.  3. Defendant[s'] experts shall be disclosed with reports, if any, by November 1, 2008. . . ." [D.E. 7, p.1-2].

On the same day, Judge Dimitrouleas issued a Scheduling Order setting forth deadlines in the case, including a deadline for discovery of January 16, 2009. [D.E. 8]. The Scheduling Order provided no specific date for expert witness disclosure but stated that "[d]ates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order." *Id.*, p. 2.

On September 28, 2008, Defendants filed a Motion for Summary Judgment, based in part, on Plaintiffs' failure at that time to provide any expert reports to support any theory under which Defendants would be liable, a component essential to proving Plaintiffs' negligence claim. [D.E. 18]. On October 17, 2008, Judge Dimitrouleas denied without prejudice Defendants' Motion for Summary Judgment, allowing for Defendants to refile their motion, if appropriate, at a later point in time. [D.E. 22].

On October 29, 2008, among other motions, Defendants moved for Reconsideration of the

Court's October 17, 2008, Order denying their Motion for Summary Judgment [*See* D.E. 27, 28], and asserted that Plaintiffs' expert disclosure should have been produced no later than October 1, 2008. *Id.*

Plaintiffs filed their opposition to Defendants' Motion for Reconsideration of the Court's October 17, 2008, Order denying their Motion for Summary Judgment on November 3, 2008 ("Opposition to the Motion for Reconsideration"). [D.E. 29; *see also* D.E. 31, 32]. In addition to opposing Defendants' Motion for Reconsideration on the merits, Plaintiffs "admit[ted] to some difficulty obtaining a new expert" and attributed this to "in part . . . spoliation of evidence." [D.E. 29 & 31, ¶ 5]. In explaining their allegation of spoliation of evidence by Defendants, Plaintiffs represented that during a "second inspection" by Defendants, Defendants' "engineer requested the right to open the housing and further inspect the lawn mower. At that time[,] the mower started right up and the engineer took apart the housing. After 'restoring' the law mower[,] it no longer would start." *Id.* Plaintiffs also offered the affidavit of Plaintiff Carlos Acosta, dated November 4, 2008, which states, in relevant part,

> 5. I was personally present at all three (3) inspections.
> 6. The first inspection made by the [D]efendants' attorneys and their experts occurred on August 1, 2006 . . . before the suit was filed.
> 7. During the first inspection, the lawn mower started.
> 8. The second inspection made at the request of the [D]efendants occurred on June 12, 2007 . . . .
> 9. During the second inspection, the lawn mower started.
> 10. At the second inspection, after starting the lawn mower, lawyers for the [D]efendants asked me to call my attorney to request permission to remove the parts of the lawn mower.
> 11. The [D]efendants' experts represented that it would neither be destructive nor would it modify the existing conditions of the lawn mower.
> 12. The [D]efendants' experts proceeded to remove the parts of

>> the lawn mower, changing the lawn mower from the condition it was at the time of my accident.
>
> . . . .
>
> 14. The third inspection occurred on July 22, 2008 . . . .
> 15. At the third inspection, both my expert and the [D]efendants' expert were not able to start the lawn mower at all despite numerous efforts. . . .
> 17. I have never tampered with any parts of the lawn mower.

[D.E. 32, Ex. 1, Affidavit of Plaintiff Carlos Acosta]. Due to the spoliation allegation, Plaintiffs assert that they "now need an expert to opine as such." [D.E. 29 & 31, ¶ 6]. In their November 3, 2008, Opposition to Motion for Reconsideration, Plaintiffs "request[ed] until Friday[,]November 7, 2008[,] to disclose [their] expert witness," and requested that the Court accept this date as the authorized date of disclosure. *Id.*, ¶ 4; *see also* ¶ 5; p. 4.

On November 5, 2008, Judge Dimitrouleas denied Defendants' Motion for Reconsideration [*see* D.E. 27]. [D.E. 34]. In the Order, Judge Dimitrouleas ruled that Plaintiffs' expert disclosure, with reports, would be extended to November 7, 2008, and Defendants' expert disclosure, with reports, to December 8, 2008. *Id.*

On November 6, 2008, Plaintiffs filed a notice of disclosure of their expert witness, Jeremy Catz. [D.E. 33, 37]. Defendants moved to strike Plaintiffs' expert witness disclosure and for sanctions against Plaintiffs on November 20, 2008. [D.E. 42]. In their Motion, Defendants argue that Plaintiffs' expert witness disclosure fails to meet the requirements of Rule 26(a)(2)(B), Fed. R. Civ. P. *Id.* Further, Defendants contend that Plaintiffs' expert witness disclosure does not comport with Judge Dimitrouleas's November 5, 2008, Order [*see* D. E. 34], directing disclosure of Plaintiffs' expert witness, with reports by November 7, 2008. *Id.* Defendants contend that Plaintiffs' expert report is not a complete final report as required by Rule 26 and the November 5, 2008, Order

[*see* D. E. 34]. In support of their argument, Defendants note that Plaintiffs' expert report opines that the approximate cause of Plaintiff Mr. Acosta's injury was the failure of the operator's present control to shut down the lawn mower when Mr. Acosta left the operator's position to adjust the mower, and that this failure was due to the ground wire that had become loose because it was not properly connected by the manufacturer. Defendants complain, however, that Plaintiffs' expert, Mr. Catz, states in his report that his opinion serves only as a "preliminary opinion" [*Id.*, Ex C "Report of Jerome Catz,"¶ 3]. Second, Defendants point out that the text of Mr. Catz's report notes that "[a]dditional disassembly of the mower and detailed inspection of the terminals of the ground wire will be necessary for a final opinion" [*Id.*, Ex C, ¶ 4], which Defendants allege demonstrates that Plaintiffs' expert report is incomplete.

Additionally, Defendants assert that the substance of Plaintiffs' expert report is conclusory on its face and insufficient, because it fails to provide substantive rationale and details for the basis and reasons for Mr. Catz's mere one-page report. [D.E.42, pp. 4-5]. According to Defendants, Plaintiffs' expert report fails to set forth how or why the ground wire was not properly connected during the manufacture of the lawn mower in question. *Id.* Defendants further allege that the report relies upon the Affidavit of Plaintiff Acosta, deposition transcript of Plaintiff and Defendants' expert Dan E. Nielsen, even though none of these parties were involved in the manufacture of the lawn mower. *Id.*, p. 5. In line with this argument, Defendants also highlight that Plaintiffs have not deposed any fact witness familiar with manufacture of the lawn mower to support their findings in the expert report. *Id.* Moreover, Defendants contend that the conclusion contained in Plaintiffs' expert report contradicts Plaintiff's Affidavit, in that the affidavit states that the day of the alleged accident was the first time the lawn mower malfunctioned, and that previously, Plaintiff Mr. Acosta

used lawn mower without any problems, suggesting, according to Defendants, that any problems with the mower occurred not as a result of an existing defect in the product, but instead because of something Mr. Acosta had done or failed to do.  *Id.*  According to Defendants, for all of these reasons, Plaintiffs' expert report is deficient, and, thus, Plaintiffs' expert disclosure is deficient.[1]

As relief from Plaintiffs' alleged failure to comply with Rule 26 and violation of the November 5, 2008, Order through inadequate expert disclosure, Defendants ask that Plaintiffs' expert disclosure be stricken, including Plaintiffs' expert report.  [D.E. 42, pp. 6-8].  Defendants also request that Plaintiffs be sanctioned for failing to comply with the November 5, 2008, Order and violating Rule 26, under the Court's inherent authority, Rule 37, Fed. R. Civ. P., and pursuant to 28 U.S.C. § 1927.  *Id.*

Plaintiffs filed their Response to Defendants' Motion to Strike on December 2, 2008. [D.E. 47].  Plaintiffs argue that their expert report complies with Rule 26 requirements and the November 5, 2008, Order because it is an opinion with a signature, includes Mr. Catz's qualifications and other cases he has worked on, as well as compensation, and has no exhibits nor any data because it is a report about a lawn mower.  *Id.*, ¶ 7.  Plaintiffs also defend Mr. Catz's reference in his expert opinion to "additional work" to be done, as necessary in order to give "notice" to Defendants of Defendants' alleged spoilation of evidence and "the probability of a supplemental report on this issue . . . ." *Id.* ¶¶ 8-12.  Further, Plaintiffs contend that they were substantially justified in providing notice to

---

[1] In addition, Defendants argued in support of their Motion to Strike, that Plaintiffs violated the Court's Scheduling Order by not submitting their expert witness disclosure by October 1, 2008 [D.E. 42, p. 3].  The Court has addressed this issue previously in an Order dated December 10, 2008 [*See* D.E. 55], as part of a motion for sanctions [*See* D.E.28], and denied Defendants' request.  Accordingly, the Court will not address such an argument again in this Order.

Defendants of the outstanding spoliation issue through use of the term "preliminary" in Mr. Catz's report. *Id.*, ¶¶ 13-14. Plaintiffs, however, concede that, if necessary, they "will remove the term preliminary and go with the report as it is currently phrased." *Id.*, ¶ 14. Finally, Plaintiffs argue that Defendants have not provided any evidence that they have been harmed by Plaintiffs' expert report. *Id.*, ¶ 15. As a result of the foregoing arguments, Plaintiffs request that the Court deny Defendants' Motion, and that they be awarded fees and costs. *Id.*, p. 6.

Defendants replied to Plaintiffs' Response on December 5, 2008. [D.E. 49]. In addition to their previous argument, Defendants assert that Plaintiffs' attempt to justify the characterization of their expert report as "preliminary" as necessary under the Federal Rules of Civil Procedure is unfounded. *Id.*, p. 3. Defendants note that Plaintiffs allege that the spoliation of evidence took place in June, 2007. Thus, Defendants continue, Plaintiffs have had over a year to investigate the alleged spoliation. *Id.* As result, Defendants assert that Plaintiffs' use of the term "preliminary" in their expert report is just a means to extend time further to develop expert opinion on the issue. *Id.*

All parties appeared on December 9, 2008, and presented argument. [D.E. 53]. At the hearing, the Court orally denied Defendants' Motion to Strike.

### *II. Analysis*

Rue 26(a)(2) requires that "a party must disclose to other parties the identity of any witness it may use at trial under Federal Rules of Evidence 702, 703, or 705," and that disclosure "must be accompanied by a written report – prepared and signed by the witness . . . ." Fed. R. Civ. P. 26(a)(2)(A), (B). Such report must contain the following:

> (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii)  the data or other information considered by the witness in forming them;

    (iii)  any exhibits that will be used to summarize or support them;

    (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)  a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

    (vi)  a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Similarly, L.R. 16.1(k), S.D. Fla., mandates that the expert's report contain the "substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. . . ." *Id.*

  "'Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written expert report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(2)(B)). "Expert reports must not be sketchy, vague or preliminary in nature and the disclosure must not be used as a means to extend a discovery deadline." *Dyett v. North Broward Hosp. District*, 2004 WL 53220630, * 1 (S.D. Fla. Jan. 1, 2004) (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998); *SyllaSawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995)); *see also* Fed. R. Civ. P. 26(a)(2) Advisory Committee's Notes (1993). Thus, a "preliminary report" does not suffice under Rule 26. *Id.*; *Hallmark Developers, Inc. v. Fulton County, Georgia*, 2007 WL 2819519, *6 (N.D. Ga. Sept. 27, 2007) (finding requirements of Rule 26 not met where reports required "further

revision and analysis"); *see e.g., Salgado*, 150 F.3d at 742, n 6; *Smith v. State Farm Fire and Casualty Co.,* 164 F.R.D. 49, 53 (S.D. W.Va. 1995) ("[a] 'preliminary' report is not contemplated by the Rule [26]. . . .").

Compliance with Rule 26 is "not merely an aspiration" as "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . ." *Reese*, 527 F.3d at 1266 (quoting *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58 (2006)); *see also Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). "[T]he expert disclosure rule is rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese*, 527 F.3d at 1265 (citing *Sherrod*, 223 F.3d at 613.; Advisory Com. Notes, Fed. R. Civ. P. 26(a)(2)) (internal quotation marks omitted). "Additionally, an expert report must be complete 'such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and[,] thus[,] to conserve resources." *Dyett*, 2004 WL 53220630 at* 1 (citing *Salgado*, 150 F.3d at 742 n.6; *SyllaSawdon* , 47 F.3d at 284). Rule 37(c)(1) provides that,

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A)   may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B)   may inform the jury of the party's failure; and
> (C)   may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A) (i)-(vi).

R. 26(c), Fed. R. Civ. P.  Under Rule 37(b)(2)(A)(i)-(vi), a district court may impose upon parties and their attorneys for their failure to meet the expert disclosure requirements the following sanctions: (1) the court may direct that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; or (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party.  R. 37(b)(2)(A)(i)-(vi), Fed. R. Civ. P.  Though Rule 37 offers less severe sanctions, "[t]he 'incentive for total disclosure' is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37 . . ." *Salgado*, 150 F.3d at 742, n.6.  "If the expert's report contains only incomplete opinions, the court may choose to restrict the expert's testimony to those opinions alone." *Id.*

At the December 9, 2008, hearing, the Court heard argument from all parties.  Defendants argued that Plaintiffs' expert report failed meet the requirements of Rule 26 and the November 5, 2008, Order, and that Plaintiffs should be sanctioned.  Defendants also added that they were prejudiced by Plaintiffs' submission of a preliminary report because they were required to submit their expert report by December 8, 2008, without the benefit of a full report from Plaintiffs' expert. When the Court inquired whether Defendants had any objection to restricting Plaintiffs to the expert report as submitted, Defendants said they had none, except that they wished to be sure that Plaintiffs would not be permitted effectively to expand the scope of their expert report untimely by submitting a supplemental or rebuttal report.

Plaintiffs countered that their report meets all the requirements of Rule 26 and does not

10

violate the November 5, 2008, Order.  Thus, Plaintiffs reasoned, they should not be sanctioned for any violations.  When the Court expressed concern regarding the word "preliminary" appearing in Plaintiffs' expert report, Plaintiffs explained that they characterized the opinion that way because of their inability by the expert deadline to establish spoliation.  According to Plaintiffs, to establish spoliation, they require photographs taken by Defendants during the experts' examinations of the lawn mower.  Because Defendants have resisted Plaintiffs' attempts to obtain these photographs on the basis of work product protection, Plaintiffs suggest that their failure to obtain an expert opinion regarding spoliation as of the expert witness deadline was not their fault.[2]  Thus, Plaintiffs contended that they should be allowed to supplement their report with any new evidence relating to spoliation should it become available to them.

As the inspection allegedly resulting in the spoliation of the lawn mower occurred on June 12, 2007, more than a year before the expert disclosure deadline, the Court asked why Plaintiffs' failure to obtain evidence sufficient to submit an expert report timely should be excused.  Plaintiffs responded that they did not "discover" that the lawn mower did not work until October, 2008, when the inspection of Plaintiffs' expert, Mr. Catz, occurred.  Plaintiffs, however, conceded that Plaintiff Mr. Acosta was present at the inspection on June 12, 2007, spoke to counsel for Plaintiffs regarding the disassembly of the lawn mower at that time, and has been in possession of the lawn mower consistently since the June 12, 2007, inspection.  Nonetheless, Plaintiffs argued that at the time of

---

[2] Photos taken by Defendants expert, which are being sought by Plaintiffs to attempt to establish their spoliation claim, are the subject of subpoenas at issue in two separate Motions for Protective Orders [*See* D.E.48, 54] by Defendants and Non-Party Kenneth J. Carusello, filed after Defendants' Motion to Strike.  These motions are now pending before the Court, but are not at issue in this Order.

June 12, 2007, they were informed only that Defendants were going to take top off machine and not dissemble the whole machine, and thus, did not "discover" spoliation. Accordingly, Plaintiffs argued that they needed a supplemental report regarding the spoliation issue.

Based on the record and Plaintiffs' argument, the Court found that Plaintiffs should not be allowed to submit a supplemental report on the spoliation-of-evidence issue because Plaintiffs had adequate time to prepare an expert report on this issue prior to their expert disclosure deadline. In this regard, Plaintiffs had notice of the spoliation issue as of June 12, 2007, when Mr. Acosta was present during the disassembly of the lawn mower by Defendants. Moreover, Plaintiffs had well over a year after the June 12, 2007, inspection to conduct their own expert inspection of the lawn mower but instead waited until October, 2008, to do so.[3]

Furthermore, except for asking to have until November 7, 2008 to disclose their experts – a request that the Court granted, Plaintiffs engaged in no acts to seek to obtain an extension of the expert disclosure deadline for purposes of an expert regarding the spoliation issue. Based on Plaintiffs' representations that November 7, 2008, provided Plaintiffs with sufficient time to submit their expert witness disclosure, on November 5, 2008, Judge Dimitrouleas relied upon Plaintiffs' representations and granted their request to extend Plaintiffs' deadline for expert witness disclosure to November 7, 2008. Under these circumstances, Plaintiffs are not entitled to submit a supplemental expert report. In light of their inability to submit a supplemental expert report on

---

[3]The Court is aware that Plaintiffs's first expert attempted to inspect the lawn mower on July 22, 2008, but was unable to offer an opinion because the lawn mower would not start at that time. The analysis, however, does not change. More than a year elapsed from the June 12, 2007, inspection to the July 22, 2008, inspection, and another three months after that passed before Plaintiffs again attempted to conduct an expert inspection in October, 2008.

spoliation of evidence or anything else, Plaintiffs stipulated that the expert report of Mr. Catz, with removal of the phrase "preliminary opinion," would be the final report of Mr. Catz.

Plaintiffs argued, however, that the Court should not restrict their right to rebut any new issues in Defendants' expert report or from Defendants' expert's deposition. In this respect, Plaintiffs asserted that Defendants have not be prejudiced by the submission of their expert report because even before the original deadline for Plaintiffs' submission of their expert report (October 1, 2008), Defendants already had and disclosed in their Motion for Summary Judgment an expert opinion regarding the lawn mower. Plaintiffs also suggested that to strike their right to a rebuttal report at this time would be premature, as Defendants still had a right to move to strike at a later time, once any rebuttal report has been filed if they believe that Plaintiffs' rebuttal reports are beyond the scope of new issues.

After considering the parties' arguments and based on the stipulation of Plaintiffs during the hearing that Mr. Catz's report, as submitted, is the final report, the Court found that Plaintiffs' expert report by Mr. Catz met the requirements of Rule 26, albeit minimally, and thus, Plaintiffs' expert disclosure was sufficient.[4] The Court held that Plaintiffs' expert report provides enough information

---

[4] The Court notes Defendants also alleged that Plaintiffs' actual expert disclosure as filed with the Court on November 6, 2008, failed to include a report, a resume, a list of previous testimony or publications, witness compensation for his testimony at trial, or any other information required under Rule 26, and that Defendants received the notice of disclosure, including Mr. Catz's resume, a list of prior cases, a list of publications and the "preliminary" expert report from Plaintiffs via U.S. Mail on November 12, 2008, not November 7, 2008. [D.E. 42, ¶¶ 4-5]. In response, Plaintiffs represented that they served on Defendants their expert disclosure, including the expert report and all other necessary information on November 7, 2008, via U.S. mail. [D.E. 47, ¶¶ 1-4; *see also* D.E. 33, 37]. The Court finds that the mailing of the expert report and accompanying information by Plaintiffs by November 7, 2008, to Defendants was sufficient, and not grounds to strike Plaintiffs' expert disclosure.

to establish a basis for Mr. Catz's opinion as set forth in the report. Further, Defendants did not object to holding Plaintiffs to the report as submitted. While there is no doubt that Plaintiffs' expert report could have contained more information, because Plaintiffs' expert report meets the basic requirements of Rule 26, there is no basis to strike it. Defendants' objections to the expert report, such as that it fails to contain photographs or that Mr. Catz's opinion does not take into account any information from anyone involved in the manufacture of the lawn mower, or any other such complaints, do not render the expert report defective under Rule 26, as Rule 26 contains no requirement that the report include such information. Rather, if Plaintiffs have failed to provide a sound basis for their expert opinion, they have done so at their own risk; any deficiencies of Plaintiffs' expert report in these regards may be addressed by appropriate cross-examination of Plaintiffs' expert. As for prejudice to Defendants, the Court finds none, as Defendants were able to rely upon Mr. Catz's report, as submitted, in their expert disclosure on December 8, 2008.

With respect to rebuttal expert reports, the Court declined to prohibit such filings. Though the Court recognized Defendants' concern that Plaintiffs might take advantage of the opportunity to file rebuttal expert reports to submit what are effectively supplemental expert reports, the Court agreed with Plaintiffs that at this junction in the case, it is unnecessary and premature to restrict Plaintiffs' right to file rebuttal reports on new issues arising out of Defendants' expert report or Defendants' expert's deposition. In this regard, the Court noted that if either party believed that the opposing party had effectively filed a supplemental report masquerading as a rebuttal report, that party could file an appropriate motion to strike. In discussing this procedure, however, the Court cautioned the parties that if either it found that a party had attempted to disguise what was clearly a supplemental report as a rebuttal report or a party had sought to strike what was plainly a rebuttal

report, it would entertain requests for sanctions, including requests for the imposition of costs and fees on the offending party. Of course, the Court will not impose sanctions for any substantially justified position taken by the parties. As the Court declined to grant Defendants' Motion to Strike, and Defendants have demonstrated no bad faith on the part of Plaintiffs or any other basis for the imposition of sanctions at this time, the Court does not award costs or fees, nor does it impose any other sanctions in connection with Defendants' Motion to Strike currently before the Court.

During the hearing, based on the Court's ruling, Defendants requested that the Court set a deadline for the submission of rebuttal expert reports by the parties. The Court informed the parties that in the absence of a specific deadline in the Scheduling Order, the parties should look to the Federal Rules of Civil Procedure for guidance.

Defendants also asked the Court to set forth the difference between a supplemental expert report and rebuttal expert report. The Court declined to engage in this exercise other than to explain that rebuttal addresses matters brought up for the first time by the evidence sought to be rebutted.[5]

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Defendants' Motion to Strike the Plaintiffs' Expert Witness for Failure to Comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure and Failure to Comply with This Court's November 5, 2008, Order/

---

[5] Additionally, Defendants requested that the Court prohibit Plaintiffs from again inspecting the lawn mower in preparation for expert depositions or rebuttal reports. Defendants, who raised the motion for the first time during the hearing, offered no basis for the motion. In view of these facts, and because the Court can think of no good reason to restrict inspection of the evidence by both parties in preparation for trial, the Court declined to grant the requested relief.

Motion for Sanctions [D.E. 42] is **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 16th day of December, 2008.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Honorable William P. Dimitrouleas
      counsel of record